**PET**
Scott A. Flinders (6975)
HUTCHISON & STEFFEN, LLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: 702-385-2500
Facsimile: 702-385-2086
sflinders@hutchlegal.com

*Attorney for Defendant*
*American Family Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT MARQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Insurance Corporation,<br><br>Defendant. | CASE NO.:<br>DEPT NO:<br><br>**PETITION FOR REMOVAL** |

TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY petitions for removal on the following grounds:

1. AMERICAN FAMILY MUTUAL INSURANCE COMPANY is a defendant in a civil action commenced on November 7, 2016, and now pending in the Eighth Judicial District Court of the County of Clark, Nevada, entitled Robert Marquez v. American Family Insurance Company, Case No. A746332.

2. True copies of the Summons and Complaint are attached hereto and made a part hereof as exhibit A.

HUTCHISON & STEFFEN
A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

3. The date upon which AMERICAN FAMILY MUTUAL INSURANCE COMPANY was served with a copy of the Summons and Complaint was on November 14, 2016, when the Nevada Department of Business and Industry, Division of Insurance received a copy of the Summons and Complaint on behalf of AMERICAN FAMILY INSURANCE COMPANY. This Petition is timely filed within the thirty (30) day period for removal of this action to this Court as required by 28 U.S.C. § 1446(b).

4. Plaintiff Robert Marquez is a resident of Clark County, Nevada.

5. Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY is a company organized and existing under the laws of the State of Wisconsin.

6. Complete diversity of citizenship exists between the parties to this action and the amount in controversy is greater than $75,000. As set forth in Plaintiff's Complaint, this is an action for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing and Bad Faith. Consequently, Plaintiff is seeking punitive damages. The amount in controversy is in excess of $75,000.00, as demonstrated by the Complaint. This Court has jurisdiction over this action under 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446(a) and (b).

7. Venue lies in the Southern Division of this Court under 28 U.S.C. §§ 1441(a), 1446(a) and Local Rule IA 8-1(a). This action was originally brought in the Eighth Judicial District Court for the State of Nevada, Clark County, and the events alleged in the Complaint occurred in Clark County, Nevada.

8. AMERICAN FAMILY MUTUAL INSURANCE COMPANY certifies that the Notice of Removal and a copy of this Petition have been filed with the Clerk of the District Court of the County of Clark, Nevada, where the action was commenced.



HUTCHISON & STEFFEN
A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

WHEREFORE, AMERICAN FAMILY INSURANCE COMPANY requests that this action be removed from the District Court of Clark County, Nevada, to this Court.

DATED this 14 day of December, 2016.

HUTCHISON & STEFFEN, LLC

Scott A. Flinders (6975)
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: 702-385-2500
Facsimile: 702-385-2086
sflinders@hutchlegal.com

*Attorneys for Defendant*

HUTCHISON & STEFFEN
A PROFESSIONAL LLC
PECCOLE PROFESSIONAL PARK
10080 WEST ALTA DRIVE, SUITE 200
LAS VEGAS, NV 89145

# EXHIBIT A

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

BRUCE H. BRESLOW
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700 • Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

November 16, 2016

American Family Mutual Insurance Company
c/o CSC Services of Nevada, Inc.
2215 Renaissance Drive, Suite B
Las Vegas, NV 89119-6727

RE: Robert Marquez vs. American Family Mutual Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-16-746332-C; Dept. No. XXVI

Dear Sir or Madam:

Enclosed please find the following documents: Summons, District Court Civil Cover Sheet, and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on November 14, 2016.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

---

Please advise if you have any questions regarding this service.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: [signature]
FELECIA CASCI
Service of Process Clerk

Enclosures
c: Scott E. Lundy, Esq.

**PROOF OF SERVICE**

I hereby declare that on this day I served a copy of the Summons, District Court Civil Cover Sheet, and Complaint upon the following defendant in the within matter, by mailing true and correct copies thereof, via certified mail, return receipt requested, to the following:

American Family Mutual Insurance Company
c/o CSC Services of Nevada, Inc.
2215 Renaissance Drive, Suite B
Las Vegas, NV 89119-6727
CERTIFIED MAIL NO. 7015 1660 0000 1901 8045
RETURN RECEIPT TRACKING NO. 9590 9402 2132 6132 9535 66

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 16th day of November, 2016.

Felecia Casci
FELECIA CASCI
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE: Robert Marquez vs. American Family Mutual Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-16-746332-C; Dept. No. XXVI

State of Nevada, Division of Insurance
The document on which this certificate is stamped is a full, true and correct copy of the original

Date: 11/16/16 By: Felecia Casci

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

BRUCE H. BRESLOW
*Director*



BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700 • Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

November 16, 2016

Scott E. Lundy, Esq.
Law Offices of Steven J. Parsons
10091 Park Run Drive, Suite 200
Las Vegas, NV 89145-8868

RE: Robert Marquez vs. American Family Mutual Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-16-746332-C; Dept. No. XXVI

Dear Mr. Lundy:

The Nevada Division of Insurance ("Division") received the service of process documents on November 14, 2016 regarding the above-entitled matter. Service has been completed on American Family Mutual Insurance Company this date and enclosed are the following:

1. A copy of the Division's letter to American Family Mutual Insurance Company, dated November 16, 2016.
2. A certified copy of the Proof of Service dated November 16, 2016.
3. A copy of the paid invoice in the amount of $30.00.

Pursuant to *Nevada Revised Statutes* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

Please advise if you have any questions regarding this service.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: [signature]
FELECIA CASCI
Service of Process Clerk

Enclosures
c: American Family Mutual Insurance Company

RECEIVED
NOV 14 2016
DIVISION OF INSURANCE
STATE OF NEVADA

**SUMM**

Scott E. Lundy
Nevada Bar No. 14235
LAW OFFICES OF STEVEN J. PARSONS
10091 Park Run Dr Ste 200
Las Vegas, NV 89145-8868
(702) 384-9900
(702) 384-5900 – fax
Scott@SJPlawyer.com

Attorneys for Plaintiff
**ROBERT MARQUEZ**

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

**ROBERT MARQUEZ**, an individual,

Plaintiff,

vs.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY**, a Wisconsin corporation,

Defendant.
_______________________________/

Case No.: **A-16-746332-C**

Dept. No.: XXVI

**SUMMONS**

# NOTICE! *YOU HAVE BEEN SUED.*

**THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY (20) DAYS. READ THE INFORMATION BELOW.**

**TO DEFENDANT:**

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY**, a Wisconsin corporation,

A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within twenty (20) days after this Summons is served on you, exclusive of the day of service, you must do the following:

a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

STEVEN D. GRIERSON, CLERK OF COURT

NOV 09 2016

DEPUTY CLERK Date

Regional Justice Center
200 Lewis St.
Las Vegas, NV 89155

ROXANA GOMEZ

Issued at direction of:

LAW OFFICES OF STEVEN J. PARSONS

Scott E. Lundy
Nevada Bar No. 14235
LAW OFFICES OF STEVEN J. PARSONS
10091 Park Run Dr Ste 200
Las Vegas, NV 89145-8868
(702)384-9900
(702)384-5900 (fax)
Scott@SJPlawyer.com

Attorneys for Plaintiff
**ROBERT MARQUEZ**

# DISTRICT COURT CIVIL COVER SHEET

Clark County, Nevada

Case No. A-16-746332-C XXVI
(Assigned by Clerk's Office)

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| Robert Marquez | American Family Mutual Insurance Company |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Steven J. Parsons, NV Bar No. 363 | |
| Law Office of Steven J. Parsons | |
| 10091 Park Run Dr Ste 200 | |
| Las Vegas, NV 89145-8868 (702) 384-9900 | |

RECEIVED NOV 1 4 2016 INSURANCE

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

**Real Property**

**Landlord/Tenant**
- [ ] Unlawful Detainer
- [ ] Other Landlord/Tenant

**Title to Property**
- [ ] Judicial Foreclosure
- [ ] Other Title to Property

**Other Real Property**
- [ ] Condemnation/Eminent Domain
- [ ] Other Real Property

**Torts**

**Negligence**
- [ ] Auto
- [ ] Premises Liability
- [ ] Other Negligence

**Malpractice**
- [ ] Medical/Dental
- [ ] Legal
- [ ] Accounting
- [ ] Other Malpractice

**Other Torts**
- [ ] Product Liability
- [ ] Intentional Misconduct
- [ ] Employment Tort
- [x] Insurance Tort
- [ ] Other Tort

**Probate**

**Probate** *(select case type and estate value)*
- [ ] Summary Administration
- [ ] General Administration
- [ ] Special Administration
- [ ] Set Aside
- [ ] Trust/Conservatorship
- [ ] Other Probate

**Estate Value**
- [ ] Over $200,000
- [ ] Between $100,000 and $200,000
- [ ] Under $100,000 or Unknown
- [ ] Under $2,500

**Construction Defect & Contract**

**Construction Defect**
- [ ] Chapter 40
- [ ] Other Construction Defect

**Contract Case**
- [ ] Uniform Commercial Code
- [ ] Building and Construction
- [ ] Insurance Carrier
- [ ] Commercial Instrument
- [ ] Collection of Accounts
- [ ] Employment Contract
- [ ] Other Contract

**Judicial Review/Appeal**

**Judicial Review**
- [ ] Foreclosure Mediation Case
- [ ] Petition to Seal Records
- [ ] Mental Competency

**Nevada State Agency Appeal**
- [ ] Department of Motor Vehicle
- [ ] Worker's Compensation
- [ ] Other Nevada State Agency

**Appeal Other**
- [ ] Appeal from Lower Court
- [ ] Other Judicial Review/Appeal

**Civil Writ**

**Civil Writ**
- [ ] Writ of Habeas Corpus
- [ ] Writ of Mandamus
- [ ] Writ of Quo Warrant
- [ ] Writ of Prohibition
- [ ] Other Civil Writ

**Other Civil Filing**

**Other Civil Filing**
- [ ] Compromise of Minor's Claim
- [ ] Foreign Judgment
- [ ] Other Civil Matters

***Business Court filings should be filed using the Business Court civil coversheet.***

11/7/2016
Date

/s/ Steven J. Parsons
Signature of initiating party or representative

*See other side for family-related case filings.*

Electronically Filed
11/07/2016 04:48:22 PM

CLERK OF THE COURT

RECEIVED
NOV 14 2016
DIVISION OF INSURANCE
STATE OF NEVADA

COMJD
Steven J. Parsons
Nevada Bar No. 363
Joseph N. Mott
Nevada Bar No. 12455
Scott E. Lundy
Nevada Bar No. 14235
LAW OFFICES OF STEVEN J. PARSONS
10091 Park Run Drive Ste 200
Las Vegas, NV 89145-8868
(702) 384-9900
(702) 384-5900 – (fax)
Steve@SJPlawyer.com
Joey@SJPlawyer.com
Scott@SJPlawyer.com

Attorneys for Plaintiff
ROBERT MARQUEZ

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| **ROBERT MARQUEZ**, an individual, | Case No. A-16-746332-C |
| Plaintiff, | Dept. No.: XXVI |
| vs. | COMPLAINT |
| **AMERICAN FAMILY MUTUAL INSURANCE COMPANY**, a Wisconsin corporation, | JURY DEMAND |
| Defendant. | EXEMPT FROM ARBITRATION (NAR 3(A) - Declaratory Relief; NAR 3(A) - Value Exceeds $50,000) |

1. Declaratory Relief;
2. Breach of Contract;
3. Tortious Breach of the Duty of Good Faith and Fair Dealing; and
4. Breach of Statutory Duties (Nev. Rev. Stat. §686A.310)

Plaintiff **ROBERT MARQUEZ**, an individual, by his attorneys, Steven J. Parsons, Joseph N. Mott, and Scott E. Lundy, of LAW OFFICES OF STEVEN J. PARSONS, complains of Defendant **AMERICAN FAMILY MUTUAL INSURANCE COMPANY**, a Wisconsin corporation, and as causes of action against Defendant, alleges and sets forth his complaint as follows:

## THE PARTIES, JURISDICTION, VENUE, AND INTRODUCTION

1. Plaintiff **ROBERT MARQUEZ**, an individual (hereinafter referred to simply as "Plaintiff" or "Marquez"), was at the times relevant hereto a resident of Las Vegas, Clark



County, Nevada.

2. Defendant **AMERICAN FAMILY MUTUAL INSURANCE COMPANY** (hereinafter referred to simply as "Defendant" or "American Family") was at all relevant times a Wisconsin corporation, authorized, licensed, and doing business in Nevada as an insurance carrier admitted to do business in Nevada, including offering insurance products for sale, such as the policy of insurance sold by American Family to Marquez, for the benefit of Marquez, as more fully set forth, below.

3. Marquez's Complaint states a controversy over which this Honorable Court has jurisdiction and venue is properly in this Court as Defendant does extensive business within Clark County, Nevada; Marquez was a resident of Clark County, Nevada; the relevant policy of insurance covered Marquez as a permissive user of the motor vehicle in Clark County, Nevada; the relevant policy of insurance was written to insure, *inter alia*, against loss to Marquez in Clark County, Nevada; the loss, injuries, and damage incurred by Marquez that underlies the claim against American Family while Marquez was driving in Clark County, Nevada; and benefits due from the policy of insurance and damages claimed by Marquez were due and payable in Clark County, Nevada.

4. The matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional amount of the Court, of an amount in excess of $10,000.00, subject to proof at trial.

**FACTS OF THE DISPUTE**

5. American Family issued an insurance policy, policy number 1647-6378-02-96-FPPA-NV (the "Policy"), which included auto liability coverage, auto medical payments coverage, and State-specific uninsured/underinsured motorist coverage to Marquez. The State specific uninsured/underinsured motorist coverage is subject to a limit of One hundred thousand dollars ($100,000.00) for the purposes of this claim. The Policy was purchased to insure against, *inter alia*, losses due to bodily injuries with the use of a motor vehicle, like those suffered by Marquez as more fully described, below. A copy of the Policy is attached




*10091 Park Run Drive, Suite 200*
*Las Vegas, Nevada 89145-8868*
*(702)384-9900; fax (702)384-5900*
*Info@SJPlawyer.com*

hereto and incorporated herein as if set forth fully, by reference as Exhibit "1."

6. Marquez was American Family's insured, as set forth within Nev. Rev. Stat. §686A.310, and otherwise. As its insured, American Family owed Marquez the highest of duties in considering his claims for State-specific uninsured/underinsured motorist coverage for Marquez's catastrophic personal injuries, which he sustained in a motor vehicle incident, as set forth more fully, below. American Family was obligated within the Policy and Nevada law to consider the interests of its insured – Marquez – at least equal with its own interests.

7. On or about May 22, 2013, Marquez was operating a Cox Communications ("Cox")-owned motor vehicle, which had been earlier assigned by Cox to Marquez, as a Cox employee, for his use in conducting business for Cox. At the time, the subject motor vehicle was owned and maintained by Cox for Marquez's use, with Cox's permission.

8. On May 22, 2013, Marquez was traveling eastbound on Bonanza Road, a public road within Clark County, Nevada. The adverse driver, Juliana Marie Martin-Dariano ("Martin-Dariano"), was operating her motor vehicle in the vicinity of Marquez's vehicle, behind Marquez in the ongoing traffic.

9. Martin-Dariano negligently and carelessly operated her motor vehicle so as to cause it to strike into Marquez's motor vehicle, causing Marquez severe and permanent bodily injuries in this motor vehicle incident.

10. Ultimately, Marquez's prior lawyers and the insurer for Martin-Dariano settled for Fifteen thousand dollars ($15,000.00), which represented Martin-Dariano's applicable policy limits.

11. Marquez also recovered Eighty-four thousand three hundred ten dollars and eighty cents ($84,310.80) in workers' compensation benefits.

12. Marquez was left with an underinsured motorist ("UIM") claim for the additional damages he incurred, for which he was not adequately, let alone fully compensated by all other sources of indemnity.

13. Marquez had and still has a reasonable expectation that the Policy provided UIM



10091 Park Run Drive, Suite 200
Las Vegas, Nevada 89145-8868
(702)384-9900; fax (702)384-5900
Info@SJPlawyer.com

coverage and indemnity for injuries he suffered in the motor vehicle collision described above, as herein alleged.

14. On August 7, 2015, Marquez presented a UIM claim demand letter to American Family to receive benefits due him, and to be compensated for injuries and damages he suffered and sustained as a consequence of the motor vehicle incident, for which he had not been compensated.

15. On or about March 11, 2016, without conducting a full and proper investigation, American Family refused to make a claims decision on the benefits due Marquez, and instead, American Family attempted to negotiate and "settle" Marquez's claim, in part, concluding that Marquez was not eligible to be reimbursed in full.

16. On August 2, 2016, Marquez's undersigned counsel contacted American Family and requested the Company's claims decision regarding Marquez's claim for benefits within the Policy.

17. On or about August 17, 2016, again without conducting a proper investigation, American Family again refused to make a claims decision on Marquez's claim, and instead reiterated its improvident position of a "negotiated" result and that it was willing to *settle* the case and all of Marquez's claims – in whole – for only $75,000.00, well below the amount in damages Marquez has suffered, and below the applicable limits of coverage within the Policy.

18. American Family wrongfully failed to tender any payment to Marquez as benefits due him within the Policy's UIM coverage.

19. As a first-party insured within the Policy, a contract between Marquez and American Family, Marquez is not required negotiate for or "settle" his claims for coverage. Instead, American Family has the duty and obligation to timely and fairly consider Marquez's claims and simply pay him benefits to which he is entitled, when they are due upon Marquez's claim for benefits.

20. Had American Family complied with the Policy and the law of Nevada and properly and timely investigated or fairly considered Marquez's claim for benefits, it would have



10091 Park Run Drive, Suite 200
Las Vegas, Nevada 89145-8868
(702)384-9900; fax (702)384-5900
Info@SJPlawyer.com

learned, *inter alia*, that Marquez's damages well exceeded the amount offered by American Family in its demand to negotiate and settle and for which "offer" American Family improperly imposed requirements that Marquez compromise and settle his other claims and waive his other good and valuable rights within the Policy and within Nevada law.

21. Based on American Family's limited, self-serving investigation, and in breaching its obligations to its insured within the Policy and Nevada law, and in American Family wrongfully withholding good and valuable benefits due him, Marquez was forced to retain counsel and prepare and file the instant Complaint in order to receive valuable benefits due to him within the Policy.

**FIRST CLAIM FOR RELIEF**

**(Declaratory Relief)**

22. Plaintiff incorporates by reference the balance of the Complaint as though set forth fully in this claim for relief.

23. An actual controversy exists between Marquez on the one hand and American Family on the other hand, arising out of the events alleged herein.

24. Specifically, Marquez contends American Family has no legal basis for refusing to fully pay the benefits due Marquez in accordance with the terms of the Policy and within Nevada law.

25. Marquez is informed and believes and based thereon alleges that American Family disputes his contentions.

26. Marquez seeks a declaration from this Court with respect to said controversies, and a judicial determination of the rights and responsibilities of the parties and of all appropriate remedies available to them.

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract)**

27. Plaintiff incorporates by reference the balance of the Complaint as though set forth fully in this claim for relief.




*10091 Park Run Drive, Suite 200*
*Las Vegas, Nevada 89145-8868*
*(702)384-9900; fax (702)384-5900*
*Info@SJPlawyer.com*

28. At all relevant times, Marquez paid all premiums due and fulfilled all contractual duties and obligations required of him within the Policy. Marquez was and is an intended beneficiary of his agreement with American Family, and an insured within the Policy. Marquez did nothing to disqualify himself for coverage within the Policy.

29. Despite the Policy being in full force and effect at the time of the vehicle collision on May 22, 2013, American Family breached the contract by failing to adequately investigate Marquez's claims, failing to make a claims decision on Marquez's UIM claim, and refusing to pay benefits due to Marquez related to Marquez's underinsured loss, instead offering only to "settle" Marquez's claims, an oppressive contention against its insured's best interests, based on inadequate investigation and self serving undervaluation of the claim, and a failure to comply with the Policy and Nevada law.

30. As a direct and proximate result of American Family's conduct and material breach of the Policy, Marquez was compelled to retain counsel to obtain the valuable benefits of the bargain negotiated by the parties within the Policy.

31. American Family is liable to Marquez for the attorney's fees and costs incurred by Marquez in bringing this Complaint to enforce the terms of the Policy, upon the oppressive and wrongful conduct of American Family's actions.

**THIRD CLAIM FOR RELIEF**

**(Tortious Breach of the Duty of Good Faith and Fair Dealing)**

32. Plaintiff incorporates by reference the balance of the Complaint as though set forth fully in this claim for relief.

33. American Family tortiously breached the duty of good faith and fair dealing owed to Marquez in the following respects:

a. Unreasonably misrepresenting to Marquez pertinent facts and insurance Policy provisions in relation to the insurance coverage at issue;

b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;



LAW OFFICES OF STEVEN J. PARSONS

10091 Park Run Drive, Suite 200
Las Vegas, Nevada 89145-8868
(702)384-9900; fax (702)384-5900
Info@SJPlawyer.com

c. Bad faith failure to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

d. Bad faith failure to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

e. Not attempting in good faith to effectuate a prompt, fair, and equitable resolution of Marquez's claim at a time when liability was reasonably clear;

f. Maintaining and enforcing a practice of forcing claimants such as Marquez to initiate litigation in order to enforce rights owed under American Family's policies;

g. In bad faith, failing to provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts and laws, for its refusal to pay fully the benefits due under the Policy;

h. In bad faith, not tendering benefits due Marquez within the Policy, requiring as a precondition of payment of those valuable benefits that Marquez waive other good and valuable rights, rather than simply pay benefits due Marquez within the Policy, thereby holding hostage his UIM benefits in imposing and requiring other conditions of "settlement" not provided for in the Policy and at law.

34. Marquez is informed and believes and thereon alleges that American Family breached its duty of good faith and fair dealing owed to Marquez by other acts or omissions of which Marquez is presently unaware. Marquez will seek leave of the court to amend this Complaint at such times as it discovers the other acts or omissions of American Family constituting such breach and to name such additional Defendants as may be identified during discovery.

35. As a proximate result of the wrongful conduct of American Family, Marquez suffered, and will continue to suffer in the future, damages within the Policy, plus interest, for a total amount to be shown at the time of trial, in excess of Ten thousand dollars ($10,000.00).

36. As a further proximate result of a wrongful conduct of American Family and the




10091 Park Run Drive, Suite 200
Las Vegas, Nevada 89145-8868
(702)384-9900; fax (702)384-5900
Info@SJPlawyer.com

wrongful denial of Marquez's claims, Marquez was compelled to retain legal counsel to obtain benefits due within the Policy. American Family is liable to Marquez for attorney's fees and costs reasonably necessary and incurred by Marquez to enforce the terms of the Policy, in a sum to be determined at the time of trial.

37. American Family's conduct described herein was intended to cause injury to Marquez, and was despicable conduct carried on by American Family with a willful and conscious disregard of Marquez's rights, subjected Marquez to cruel and unjust hardship in conscious disregard of his rights and was an intentional misrepresentation, deceit, or concealment of material facts known to American Family with the intention, implied or in fact, to deprive Marquez of property, legal rights, or to otherwise oppress and/or cause personal injury, such as to constitute malice, oppression, or fraud within Nev. Rev. Stat. §42.005, entitling Marquez to punitive and/or exemplary damages in an amount appropriate to punish and/or set an example American Family.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Statutory Duties (Nev. Rev. Stat. §686A.310))**

38. Plaintiff incorporates by reference the balance of the Complaint as though set forth fully in this claim for relief.

39. As an entity engaged in the business of insurance in Nevada, American Family is, and at all relevant times was, an entity regulated by Nevada law as set forth within Nev. Rev. Stat. §686A.

40. As an insured within the Policy, Marquez was an individual protected by Nev. Rev. Stat. §686A.310, from which law Marquez derives a private cause of action against American Family.

41. By the acts and omissions as alleged herein, American Family has violated its duties set forth in Nev. Rev. Stat. §686A.310, in the following particulars:

a. Misrepresenting to Marquez pertinent facts or insurance policy provisions relating to the coverage at issue;




*10091 Park Run Drive, Suite 200*
*Las Vegas, Nevada 89145-8868*
*(702)384-9900; fax (702)384-5900*
*Info@SJPlawyer.com*

b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy;

c. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies;

d. Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured;

e. Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear;

f. Compelling insureds to litigate to recover benefits due under Policies;

g. Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable Nevada law, for the denial of the claim or for an offer to settle or compromise the claim; and

h. In bad faith, not tendering benefits due Marquez within the Policy, instead, requiring as a precondition of payment that Marquez waive other good and valuable rights, rather than simply pay benefits due Marquez within the Policy, thereby holding hostage his benefits in imposing and requiring other conditions of "settlement" not provided for in the Policy and at law.

42. As a further proximate result of the wrongful conduct of American Family and its wrongful denial of Marquez's claims, Marquez was compelled to retain legal counsel to obtain the valuable benefits due him within the Policy. American Family is liable to Marquez for attorney's fees and costs reasonably necessary and incurred by Marquez to enforce the terms of the Policy, in a sum to be determined at the time of trial.

43. American Family's conduct described herein was intended to cause injury to Marquez, and was despicable conduct carried on by American Family with a willful and conscious disregard of Marquez's rights, subjected Marquez to cruel and unjust hardship in conscious disregard of his rights and was an intentional misrepresentation, deceit, or




*10091 Park Run Drive, Suite 200*
*Las Vegas, Nevada 89145-8868*
*(702)384-9900; fax (702)384-5900*
*Info@SJPlawyer.com*

concealment of material facts known to American Family with the intention, implied or in fact, to deprive Marquez of property, legal rights, or to otherwise oppress and/or cause personal injury, such as to constitute malice, oppression, or fraud within Nev. Rev. Stat. §42.005, entitling Marquez to punitive and/or exemplary damages in an amount appropriate to punish and/or set an example of American Family.

**WHEREFORE,** Plaintiff **ROBERT MARQUEZ**, prays for judgment against Defendant **AMERICAN FAMILY MUTUAL INSURANCE COMPANY**, as follows:

1. For a declaration and Order that American Family's refusal to make a claims decision and pay benefits due Marquez under the insurance contract is unlawful, and that such declarations and Order set forth the duties and rights of the parties (First Claim for Relief);

2. Damages as provided for as benefits due from the Policy, including, but not limited to, damages for loss of personal property; consequential and compensatory damages that have foreseeably resulted therefrom, including damages of personal injury, and damages for American Family's failure to timely honor the terms of the Policy and other consequential damages; plus, all interest as provided by law, including prejudgment and statutory interest, in sums to be determined at trial (Second and Third Claims for Relief);

3. Consequential and compensatory damages that have foreseeably resulted from the conduct and actions of American Family, in accord with proof adduced at the time of trial, along with punitive and/or exemplary damages pursuant to Nev. Rev. Stat. §42.005 in an amount appropriate to punish and/or set an example of American Family (Third and Fourth Claims for Relief);

4. Attorney's fees reasonably incurred to enforce Marquez's rights within the Policy and at law, in a sum to be determined at the time of trial pursuant to applicable law, including Nev. Rev. Stat. §§18.010 and 689A.410;

5. For costs of suit incurred herein; and

6. For such other further relief as the Court may deem appropriate.

<u>JURY DEMAND</u>




*10091 Park Run Drive, Suite 200*
*Las Vegas, Nevada 89145-8868*
*(702)384-9900; fax (702)384-5900*
*Info@SJPlawyer.com*

Plaintiff, **ROBERT MARQUEZ**, by his attorneys, Steven J. Parsons, Joseph N. Mott, and Scott E. Lundy, of LAW OFFICES OF STEVEN J. PARSONS, hereby demands a jury trial as provided by the U.S. Constitution, the Nevada Constitution, Nev. R. Civ. P., Rule 38(a), or as otherwise may be provided for by law.

Dated: Monday, November 7, 2016.

LAW OFFICES OF STEVEN J. PARSONS

Steven J. Parsons
STEVEN J. PARSONS
Nevada Bar No. 363

Attorneys for Plaintiff
**ROBERT MARQUEZ**




*10091 Park Run Drive, Suite 200*
*Las Vegas, Nevada 89145-8868*
*(702)384-9900; fax (702)384-5900*
*Info@SJPlawyer.com*

# EXHIBIT "1"

EXHIBIT "1"

CCD150114307900M1503D

# AFFIDAVIT

STATE OF MINNESOTA )
) SS
COUNTY OF HENNEPIN )

Shari L. Bonneau, being first duly sworn, on oath deposes and states that she is Services Manager for American Family Mutual Insurance Company and in such capacity has direct access to the policy records (including computer records) of said Company.

That policy information regarding Policy 1647-6378-02-96-FPPA-NV, issued to MARQUEZ, ROBERT B, is contained and preserved on such records. Based upon such records affiant certifies that said policy was in force on MAY 22, 2013.

The attached is a true reproduction of the content of the whole of said policy setting forth the coverages and limits of liability in effect on the above mentioned date.

Said policy is subject to the Declarations, Insuring Agreements, Terms, Conditions, Limitations, Exclusions, and applicable Endorsements.

That this affiant is experienced in the analysis of such records of said Company and certifies the accuracy of the foregoing policy information.

Shari L. Bonneau

Subscribed and sworn to before me this
15 day of January 2015

Notary Public, State of Minnesota

My commission expires: ____________


LAURIE A STEVENSON
NOTARY PUBLIC
MINNESOTA
My Commission Expires January 31, 2018

C-05448 Rev. 08/2007

CCD150114307901M1504D

## DECLARATIONS
## FAMILY CAR POLICY

NON-ASSESSABLE POLICY ISSUED BY AMERICAN FAMILY MUTUAL INSURANCE COMPANY
A MEMBER OF THE AMERICAN FAMILY INSURANCE GROUP MADISON, WI.

**PLEASE READ YOUR POLICY**

**POLICY NUMBER** 1647-6378-02-96-FPPA-NV

**LIENHOLDER - SEE BACK SIDE**

**POLICYHOLDER/NAMED INSURED**

MARQUEZ, ROBERT B
739 WIND RIVER DR
LAS VEGAS, NV 89110 3743

**EFFECTIVE**
**FROM** 05-19-2013 **TO** 11-19-2013
ACCT 010-895-511-58

2007 CHEVROLET MALIBU LT **VIN** 1G1ZT58F77F116476

**VEHICLE SYMBOL** 22 **CLASS** CITY 7B **TERRITORY** 17 **TIER** 1 **DEMERIT POINTS** 0

**COVERAGES AND LIMITS PROVIDED**

BODILY INJURY LIABILITY
$100,000 EACH PERSON $300,000 EACH OCCURRENCE
PROPERTY DAMAGE LIABILITY $100,000 EACH OCCURRENCE

COMPREHENSIVE $500 DEDUCTIBLE

COLLISION $500 DEDUCTIBLE

ADDITIONAL ENDORSEMENTS THAT APPLY TO YOUR POLICY:
END 110 RENTAL REIMBURSEMENT - $30 DAILY LIMIT, $750 MAXIMUM
END 300 NV CHANGES
END 10 SPECIAL PROVISION FOR AFMIC POLICYHOLDERS
END 45 CANCELLATION AND NON-RENEWAL
END 50 ACCIDENTAL DEATH & SPECIFIC DISMEMBERMENT COV
$10,000 EACH PERSON
END 53 UNINSURED MOTORIST - BODILY INJURY ONLY
$100,000 EACH PERSON $300,000 EACH ACCIDENT
END 55 UNDERINSURED MOTORIST - BODILY INJURY ONLY
$100,000 EACH PERSON $300,000 EACH ACCIDENT
END 83 MEDICAL EXPENSE $5,000 EACH PERSON
END 90 EMERGENCY ROAD SERVICE COVERAGE

MULTIPLE VEHICLE AND AIR BAG DISCOUNTS HAVE BEEN APPLIED
GOOD DRIVER DISCOUNT PLUS HAS BEEN APPLIED
AUTO & HOME DISCOUNT HAS BEEN APPLIED
50+ PREMIUM PLAN DISCOUNT HAS BEEN APPLIED

Declarations effective on the date shown above. These declarations form a part of this policy and replace all other declarations which may have been issued previously for this policy. If this declaration is accompanied by a new policy, the policy replaces any which may have been issued before with the same policy number.

AUTHORIZED REPRESENTATIVE [signature] President [signature] Secretary

**AGENT** 027-607 **PHONE** (702) 434-6749

MATEO THALHEIMER AGENCY, INC
3530 E FLAMINGO RD STE 105
LAS VEGAS, NV 89121-5091

CCD15011430790M1505D

LIENHOLDER(S)

DRIVETIME
PO BOX 2997
PHOENIX AZ 85062 2997

CCD15011430790M1506D




Family Car Policy




American Family Mutual Insurance Company and its Subsidiaries
6000 American Parkway
Madison, WI 53783-0001
1-800-MYAMFAM (1-800-692-6326)
www.amfam.com

U-5 Ed 6/05

Stock No 25138 Rev. 11/11



CCD15011430790M1507D

# FAMILY CAR POLICY

This policy is a legal contract between **you** (the policyholder) and the company. The following Quick Reference is only a brief outline of some important features in **your** policy and is not the insurance contract. The policy details the rights and duties of **you** and **your** insurance company. **Read your policy carefully.**

## YOUR FAMILY CAR POLICY QUICK REFERENCE

**Your** Name and Address
**Your Car** or Trailer
Policy Period • See Declarations
Coverages
Amounts of Insurance


Beginning on page

IF YOU HAVE AN ACCIDENT OR LOSS .................... 2

AGREEMENT .................... 2

DEFINITIONS .................... 2

PART I – LIABILITY COVERAGE .................... 3
- Insuring Agreement
- Additional Definitions
- Additional Payments
- Exclusions
- Limits of Liability
- Additional Conditions

Beginning on page

PART II – CAR DAMAGE COVERAGES .............. 5
- Insuring Agreement
- Additional Definitions
- Additional Payments
- Exclusions
- Limits of Liability
- Additional Conditions

GENERAL CONDITIONS .................... 7


**NO MEXICO COVERAGE**

**READ THIS WARNING CAREFULLY**

Car accidents in Mexico are subject only to Mexican law. The Republic of Mexico considers a car accident to be both a criminal offense and a civil matter. Car insurance should be secured from a Mexican insurance company to avoid the risk of being jailed and possibly having **your insured car** impounded.

**NO COVERAGE IS PROVIDED UNDER THIS POLICY FOR MEXICO**

CCD150114307090M1508D

## IF YOU HAVE AN AUTO ACCIDENT OR LOSS

If we are prejudiced by a failure to comply with the following duties, then we have no duty to provide coverage under this policy.

A. Notify **Us**
Tell **us** promptly. Give time, place, and details. Include names and addresses of injured persons and witnesses.

B. Other Duties

1. Each person claiming any coverage of this policy must also:
   a. cooperate with **us** and assist **us** in any matter concerning a claim or suit.
   b. promptly send us any legal papers received relating to any claim or suit.
   c. have a medical exam at **our** expense as often as **we** may reasonably ask. **We** will select the doctor.
   d. authorize **us** to obtain medical, employment, vehicle and other records and documents **we** request, as often as **we** reasonably ask, and permit us to make copies.
   e. give **us** a signed, sworn proof of loss within 60 days after we request it. That proof of loss must be accurate and contain each of the following items:
      (1) the date, time, location and cause of loss;
      (2) the interest in the property, including liens and other interests;
      (3) the actual cash value and amount of loss of the property damaged, destroyed or stolen;
      (4) other insurance that may cover the loss;
      (5) changes in title, use or possession of the property during the policy period; and
      (6) detailed estimates for repair of the damage.
   f. give **us** written and recorded statements, including those recorded over the telephone, and answer questions under oath when asked by any person we name, as often as we reasonably ask, and sign copies of the answers.
   g. cooperate with **us** and, when asked, assist in:
      (1) making settlements;
      (2) securing and giving evidence; and
      (3) getting witnesses to attend hearings and trials.
   h. attend hearings and trials.
   i. not, except at their own expense, voluntarily:
      (1) make any payment or assume any obligation to others; or
      (2) incur any expense, other than first aid to others.
   j. not voluntarily make any agreement that would be binding on **us**.
2. Each person claiming Car Damage coverages must also:
   a. take reasonable steps after loss to protect the vehicle and its equipment from further loss. We will pay fair expenses for such steps.
   b. promptly report the theft of the vehicle to the police.
   c. let us inspect and appraise the damaged vehicle before its repair or disposal.

## AGREEMENT

**We** agree with **you**, in return for **your** premium payment, to insure **you** subject to all the terms of this policy. **We** will insure **you** for the coverages and the limits of liability as shown in the Declarations of this policy.

## DEFINITIONS USED THROUGHOUT THIS POLICY

Words in bold type have these defined meanings.

A. **Auto business** means the business of selling, leasing, repairing, servicing, transporting, delivering, testing, road testing, customizing, storing, or parking vehicles.

B. **Bodily injury** means bodily harm, sickness, disease or death of any person. It does not include:
   1. any communicable disease, bacteria, fungi, parasite, virus or other organism which are transmitted by any insured to any other person;
   2. the exposure to communicable disease, bacteria, fungi, parasite, virus or other organism; or
   3. emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to a person.

C. **Car** means **your insured car** and a **private passenger car**.

D. **Nonowned car** means any **car** or **trailer you** do not own while **you** or a **relative** are in charge of it. It does not include any **car** or **trailer**:
   1. furnished or available for the regular use by **you** or any resident of **your** household; or
   2. if used without the permission of the owner.

E. **Occupying** means in, on, getting into or out of, and in physical contact with.

F. **Private passenger car** means a four wheel car of the private passenger, pickup or van type and designed to carry persons and their luggage.

CCD15011430790M1509D

G. **Property damage** means damage to or destruction of tangible property. This includes loss of its use.

H. **Relative** means a person living in **your** household, related to **you** by blood, marriage or adoption. This includes a ward or foster child. It excludes any person who, or whose spouse, owns a motor vehicle other than an off-road motor vehicle.

I. **State** means the District of Columbia, and any state, territory or possession of the United States, and any province of Canada.

J. **Trailer** means a vehicle designed to be towed by a **car**. It does not mean:
1. a farm wagon used to carry persons.
2. a **trailer** or mechanical device towed by a **car** and used in a business or occupation other than farming or ranching.
3. a **trailer** or car top carrier designed to be attached to the roof of a **car**.
4. another **car** towed by **your insured car**.

K. **We, us** and **our** means the company shown in the Declarations which provides this insurance.

L. **You** and **your** mean the policyholder shown in the Declarations and spouse, if living in the same household.

M. **Your insured car** means:
1. any vehicle shown in the Declarations.
2. any **trailer**:
   a. that **you** own; or
   b. while attached to **your insured car**.
3. any **nonowned car**.
4. any **car** or **trailer** that **you** do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
   a. breakdown;
   b. repair;
   c. servicing;
   d. loss; or
   e. destruction.
5. any of the following types of vehicles on the date **you** become the owner:
   a. a private passenger **car**;
   b. a motor home not used for business purposes; or
   c. a pickup, van, sedan delivery or panel truck type that:
      (1) has a Gross Vehicle Weight Rating of 10,000 pounds or less; and
      (2) is not used for the delivery or transportation of goods and materials unless such use is for farming or ranching.

   This provision (M.5.) applies only if:
   a. **you** acquire the vehicle during the policy period;
   b. **you** ask **us** to insure it within 30 days after **you** become the owner; and
   c. **you** pay **us** any additional premium.

   If the vehicle **you** acquire replaces one shown in the Declarations, it will have the same coverages as the vehicle it replaced. **You** must ask **us** to insure a replacement vehicle within 30 days if **you** wish to add or continue Car Damages Coverages.

   If the vehicle **you** acquire is in addition to any shown in the Declarations and **we** insure all of **your** other **cars**, it will have the broadest coverage **we** now provide for any vehicle **we** insure. If **we** and **you** both agree to continue coverage, it will be under a new policy specifically insuring this vehicle.

## PART I – LIABILITY COVERAGE

A. INSURING AGREEMENT

You have this coverage if Bodily Injury Liability and Property Damage Liability coverage is shown in the Declarations.

**We** will pay compensatory damages an **insured person** is legally liable for because of **bodily injury** or **property damage** as a result of an auto accident due to the ownership, maintenance or use of a **car** or **trailer**.

**We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.

However, **we** will not defend any suit after **our** limit of liability has been offered or paid.

B. ADDITIONAL DEFINITIONS
1. **Insured person** or **insured persons** means:
   a. **you** or a **relative**.
   b. any person using **your insured car**.
   c. any other person or organization, but only for legal liability for acts or omissions of:
      (1) any person covered under this Part while using **your insured car**.
      (2) **you** or any **relative** covered under this Part while using any **car** or **trailer** other than **your insured car**. This other **car** or **trailer** must not be owned or hired by that person or organization.

   **Insured person** does not mean:
   d. any person, other than a **relative**, using **your insured car** without **your** permission.
   e. any person, other than a **relative**, using **your insured car** with **your** permission, but who exceeds the scope of that permission.

CCD15011430790M1510D

f. any person using a vehicle without the permission of the person having lawful possession.

g. any person using a vehicle with the permission of the person having lawful possession, but who exceeds the scope of that permission.

h. the United States of America or its agencies.

i. any person for **bodily injury** or **property damage** due to that person's operation of a vehicle as an employee of the United States government when the provisions of the Federal Tort Claims Act apply.

C. ADDITIONAL PAYMENTS

**We** will pay, in addition to **our** limit of liability:

1. all costs **we** incur in the settlement of any claim or defense of any suit.
2. prejudgment interest on damages awarded in any suit **we** are obligated to pay. **We** will not pay any such interest that accrues after such time that **we** make an offer to pay **our** limit.
3. interest accruing on **our** share of the amount of any judgment between the time the judgment is entered and the time **we** pay, tender or deposit in court that part of the judgment that does not exceed **our** limit of liability.
4. premiums on bonds requested by **us** in any suit **we** defend. But **we** will not pay the premium for bonds over **our** limit of liability. **We** need not apply for or furnish any bond.
5. charges up to $250 for a bail bond required due to an auto accident, including related traffic law violations, causing **bodily injury** or **property damage** covered by this Part. **We** have no obligation to apply for or furnish such a bond.
6. loss of wages or salary up to $250 a day, but not other income, when **we** ask **you** to attend trials or hearings.
7. expenses incurred by an **insured person** for first aid to others at the time of an auto accident involving **your insured car**.
8. any other reasonable expenses incurred at **our** request.

D. EXCLUSIONS

**We** will not pay for:

1. **bodily injury** or **property damage** arising out of the use of a vehicle to carry persons for a charge. This exclusion does not apply to shared-expense car pools or the charitable carrying of persons.
2. **bodily injury** or **property damage** which was caused intentionally by any person, even if the actual injury or damage is different than that which was expected or intended.
3. **bodily injury** or **property damage** when a person is covered under nuclear energy liability insurance. This exclusion applies even if that insurance is exhausted.
4. **bodily injury** to an employee of an **insured person** arising in the course of employment. But a domestic employee is covered unless benefits are payable or are required to be provided for the domestic employee under a workers' compensation or disability benefits law or any similar law.
5. **bodily injury** or **property damage** arising out of **auto business** operations. But this exclusion does not apply to the ownership, maintenance or use of **your insured car** in **auto business** operations by **you**, a **relative**, any partner or employee of **you** or a **relative**.
6. damage to property owned by, or in the charge of, an **insured person**.
7. damage to property rented to an **insured person** except a residence or private garage.
8. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any:
   a. motorized vehicle with less than four wheels;
   b. recreational all terrain vehicle regardless of the number of wheels; or
   c. vehicle designed for use off public roads.
9. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle, other than **your insured car**, which is owned by or furnished or available for regular use by **you** or a **relative**.
10. **bodily injury** to:
    a. any person injured while operating **your insured car**;
    b. **you** or a **relative**; or
    c. any person related to and residing in the household of the operator.
11. **bodily injury** or **property damage** occurring while **your insured car** is rented or leased to others.
12. **bodily injury** or **property damage** occurring in or resulting from any organized or agreed-upon racing or speed contest or demonstration in which **your insured car** has active participation, or in practice or preparation for any such contest.
13. punitive or exemplary damages, fines or penalties, or court order restitution as a result of civil actions.

E. LIMITS OF LIABILITY

1. The limits of liability shown in the Declarations apply, subject to the following:
   a. the **bodily injury** liability limit for "each person" is the maximum for **bodily injury** sustained by one person in any one occurrence.
   b. subject to the **bodily injury** liability limit for "each person", the **bodily injury** liability limit for "each occurrence" is the maximum for **bodily injury** sustained by two or more persons in any one occurrence.

CCD15011430790M1511D

c. the **property damage** liability limit for "each occurrence" is the maximum for all damages to all property in any one occurrence.
2. The limits of liability are the most **we** will pay regardless of the number of:
   a. **insured persons**;
   b. claims made;
   c. vehicles or premiums shown on the Declarations; or
   d. vehicles involved in the loss.
3. A **car** and attached **trailer** are considered as one **car**.
4. No one will be entitled to duplicate payments for the same elements of loss. Any amount **we** pay under this Part to or for an injured person will be reduced by any payment made to that person under any Part of this policy. In no event shall a coverage limit be reduced below any amount required by law.

F. ADDITIONAL CONDITIONS
1. Out Of State Coverage.
   This policy conforms to any motor vehicle insurance law to which an **insured person** is subject by using a **car** in any **state**. But, any broader coverage so afforded shall be reduced to the extent that other auto liability insurance applies. In no event shall a person collect more than once for the same element of loss.
2. Other Insurance.
   a. Other Policies Issued By **Us**
      If two or more auto liability insurance policies are issued to **you** by **us** or any other member company of the American Family Insurance Group of companies, apply to the same auto accident, the total limits of liability under all such policies shall not exceed the highest limit of liability under any one policy.
   b. Other Liability Coverage From Other Sources
      If there is other auto liability insurance for a loss covered by this Part, **we** will pay **our** share according to this policy's proportion of the total of all liability limits. But any insurance provided under this Part for a vehicle **you** do not own is excess over any other collectible auto liability insurance.
3. Conformity With Financial Responsibility Laws.
   When **we** certify this policy as proof under any financial responsibility law, it will comply with the law to the extent of the required coverage. **You** agree to repay **us** for any payment **we** would not have had to make except for this agreement.

## PART II – CAR DAMAGE COVERAGES

A. INSURING AGREEMENT
**We** will pay for **loss** of or damage to **your insured car** and its equipment, less the deductible, if the coverage is shown in the Declarations for:
1. Comprehensive Coverage.
   Under this coverage, **we** will pay for **loss** not caused by collision. **We** also pay for **loss** caused by breakage of glass, fire, explosion, and colliding with a bird, animal, missile or falling object.
   If **you** have a Comprehensive deductible and **your** windshield is repaired instead of replaced, the deductible, if any, will be waived. If the repair fails, **your** windshield will be replaced, however, the Comprehensive deductible, if any, will be applied.
2. Collision Coverage.
   Under this coverage, **we** will pay for **loss** due to the collision of **your insured car** with another object or upset of **your insured car**. If breakage of glass results from a collision, **you** may have **us** treat it as a **loss** caused by collision. The first $100 of **your** deductible shall not apply to **loss** caused by a collision of **your insured car** with another vehicle insured by **us**. But the entire deductible applies if the other vehicle is owned by, or in the charge of, **you** or a member of **your** household.

B. ADDITIONAL DEFINITIONS
As used in this Part only:
1. **Loss** means direct and accidental **loss** of or damage to **your insured car** and its equipment. **Loss** does not mean any difference in the market value of **your insured car** immediately prior to the **loss** and the market value of **your insured car** after repairs from the **loss** are completed.

C. ADDITIONAL COVERAGES
1. Transportation Expenses.
   a. **We** will pay up to $20 per day, but no more than $600, for the cost of transportation **you** incur if **your insured car** is stolen and **we** provide Comprehensive coverage.
   b. This coverage:
      (1) begins 48 hours after the theft is reported to **us** and the police; and
      (2) ends when **you** get **your insured car** back after being repaired, if necessary, or when **we** pay or offer to pay for the **loss**.
2. The following additional coverages apply only if **you** have Comprehensive or Collision Coverage in effect under this policy and the **loss** is covered by Comprehensive or Collision.
   a. Electronic Media.
      **We** will pay up to $200 in any one **loss** to tapes, discs and other electronic media

CCD150114307900M1512D

used with equipment permanently installed in **your insured car**.

b. Portable Electronic Equipment.
**We** will pay up to $300 in any one **loss** to portable electronic equipment including cellular phones, global positioning systems (GPS), satellite radio, portable compact disc (CD) players, or digital video disc (DVD) players.

c. Clothing and Luggage.
**We** will pay up to $200 in any one **loss** of clothing and personal luggage, including its contents, belonging to **you** or a **relative** while it is in or on **your insured car**. This additional coverage does not apply if the insured **car** is a travel-trailer.

D. EXCLUSIONS
**We** will not pay for:

1. **loss** to **your insured car** while used to carry persons for a charge. This exclusion does not apply to shared-expense car pools or the charitable carrying of persons.
2. **loss** caused by war (declared or undeclared), civil war, insurrection, rebellion or revolution, or by nuclear reaction, radiation, or radioactive contamination, or their consequences.
3. **loss** to sound recording or reproducing tapes, discs or other similar electronic media except as provided in C.2.a., ADDITIONAL COVERAGES above.
4. **loss** to any electronic equipment, including its accessories, that reproduces, receives or transmits audio, visual or data signals. This includes, but is not limited to:
   a. radios and stereos;
   b. tape decks;
   c. compact disc systems;
   d. navigation systems;
   e. internet access systems;
   f. personal computers;
   g. video entertainment systems;
   h. telephones;
   i. televisions;
   j. two-way mobile radios;
   k. "ham" radios;
   l. scanning monitor receivers; or
   m. citizens band radios.

   This exclusion does not apply to electronic equipment which is permanently installed in an opening of **your insured car** normally used by the motor vehicle manufacturer.
5. **loss** to the following equipment unless it is provided by the motor vehicle manufacturer:
   a. special or custom paint finishes.
   b. any ornamental or protective accessories which may include shields, bras, engine accessories, racing slicks, oversized or special tires, special wheels, or special wheel covers.
   c. any equipment which changes the use or appearance of the interior of **your insured car**, which may include swivel chairs, appliances, furniture, special carpeting, bars, or paneling.
   d. any equipment which mechanically or structurally changes **your insured car**, or results in an increase in performance or change in appearance.
6. **loss** to a van for:
   a. any furnishings, carpeting, and other household equipment built into the van;
   b. any height-extending roof mounted on the van; or
   c. any customized painting and decorating applied to the van.
7. **loss** to a camper body or trailer owned by **you** or a **relative** and not described in the Declarations. But coverage does apply to a camper body or trailer ownership of which **you** acquire during the policy period if **you** ask **us** to insure it within 30 days after **you** acquire it.
8. **loss** to any equipment or accessories of a motor home, pick-up camper body, or camper trailer unless permanently attached to the vehicle.
9. **loss** resulting from wear and tear, freezing, mechanical or electrical breakdown or failure, or road damage to tires. But coverage does apply if the **loss** results from the total theft of **your insured car**.
10. a vehicle not owned by **you** when used in **auto business** operations.
11. **loss** during any organized or agreed-upon racing or speed contest or demonstration in which **your insured car** has active participation, or in practice or preparation for any such contest.
12. **loss** to **your insured car** while it is rented or leased to others.
13. **loss** due to the seizure of any vehicle by any governmental authority.
14. **loss** to any device designed or used to detect speed measuring equipment such as radar or laser detectors and any jamming apparatus intended to elude or disrupt speed measurement equipment.
15. **loss** due to conversion or embezzlement by any person who has the vehicle due to any rental, lease, lien or sales agreement.

E. LIMITS OF LIABILITY

1. **Our** limit of liability for **loss** shall not exceed the least of:
   a. the actual cash value of the stolen or damaged property; or
   b. the amount necessary to repair or replace the property. The amount necessary to repair or replace the property does not include any difference in the market value of **your insured car** immediately prior to the **loss** and the market value of **your insured car** after repairs from the **loss** are completed.

CCD150114307090M1513D

2. The amount necessary to repair or replace the property is determined by one of the following:
   a. the amount necessary to repair or replace agreed upon by you and us;
   b. a competitive bid approved by us; or
   c. an estimate based upon prevailing competitive prices. Prevailing competitive prices are the prices charged by a statistically significant number of repair facilities in the area where **your insured car** is to be repaired, as determined by **us**. Upon **your** request, **we** will identify facilities that will perform the repairs for the prevailing competitive price.
3. If the amount necessary to repair or replace the property is in excess of its actual cash value, **we** may, if **you** agree, pay the decrease in the value of the damaged property caused by the **loss**.
4. There is a $1,000 limit for a **trailer** not owned by **you** or a **relative**.
5. An adjustment for depreciation and physical condition will be made in determining actual cash value, except as provided in paragraph C.2., ADDITIONAL COVERAGES above.
6. If a repair or replacement results in betterment of the part, we will not pay for the amount of the betterment.
7. Any amount paid or payable for damage to **your insured car** under the Liability coverage of any policy issued by **us** shall be deducted from any amounts payable under this Part.

F. PAYMENT OF LOSS
1. **We** may pay the **loss** in money or repair or replace damaged or stolen property. **We** may, at any time before the **loss** is paid or the property is replaced, return any stolen property either to **you** or to the address shown in the Declarations, with payment for the resulting damage. We may keep all or part of the property at the agreed or appraised value.
2. **You** or **we** may demand appraisal of the **loss**. Each will appoint and pay a competent and impartial appraiser and will equally share other appraisal expenses. The appraisers, or a judge of a court having jurisdiction, will select an umpire to decide any differences. Each appraiser will state separately the actual cash value and the amount of **loss**. An award in writing by any two appraisers will determine the amount payable.

G. ADDITIONAL CONDITIONS
1. No Benefit To Bailee.
   A carrier or other bailee for hire liable for **loss** to **your insured car** is excluded from coverage.
2. Other Insurance.
   If there is other similar insurance for a **loss** covered by this Part, **we** will pay **our** share according to this policy's proportion of the total limits of all similar insurance. But, any insurance afforded under this Part for a vehicle **you** do not own is excess over any other similar insurance.
3. Loss Payable Clause.
   a. Loss or damage shall be paid to you and the lienholder shown in the Declarations. The insurance covering the interest of the lienholder shall apply unless invalidated by **you** or **your** relatives fraudulent acts or omissions. We have the right, however, to cancel this policy as shown in the Cancellation and Nonrenewal Endorsement. Cancellation shall terminate this agreement with respect to the lienholder's interest. When we cancel, we will give the lienholder at least 10 days notice.
   b. When **we** pay the lienholder, **we** are entitled to the extent of the payment, to the lienholder's rights of recovery.

## GENERAL CONDITIONS

Unless otherwise noted, the following conditions apply to all coverages of this policy.

1. Assignment
   Interest in this policy may be assigned only with **our** written consent. But, if the named insured shown in the Declarations or the spouse living in the same household dies, the policy will cover:
   a. the survivor;
   b. the legal representative of the deceased person while acting within the scope of duties of a legal representative; and
   c. any person with proper custody of **your insured car** until a legal representative is appointed.
2. Bankruptcy
   Bankruptcy or insolvency of an insured has no effect on **our** policy obligations.
3. Cancellation or Nonrenewal.
   (see separate endorsement)
4. Changes
   This policy includes all the agreements between **you** and **us** relating to this insurance. No change or waiver may be made in this policy except by endorsement, new Declarations or new policy issued by **us**.

   Any facts known by **our** agent are facts known by **us**.

   The premium for each term of this policy is determined by information we received from you or other sources at the inception of that policy term. If there is any change to the information used to develop the policy premium, **we** may adjust **your** premium on a pro rata basis. If a

CCD1501143079OM1514D

premium adjustment is necessary, we will make the adjustment as of the effective date of the change.

The factors that affect your premium include, but are not limited to:

a. the rates in effect;
b. the coverages, deductibles, or limits selected;
c. the type of vehicle you insure with us;
d. the territory where your insured car is used;
e. how your insured car is used;
f. drivers of your insured car and non-drivers who are members of your household;
g. discounts or other premium credits; or
h. accidents and/or violation history and charges.

When we broaden coverage during the policy period without charge, the policy will automatically provide the broadened coverage when effective in your state. This does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of a subsequent edition of your policy or an amendatory endorsement.

5. Concealment Or Fraud
With respect to all insureds, this entire policy is void if, before or after a loss, any insured has:
   a. intentionally concealed or misrepresented any material fact or circumstance;
   b. engaged in fraudulent conduct; or
   c. made false statements;
relating to this insurance.

6. Cooperation
Any person claiming any coverage under this policy must cooperate with us in the investigation, settlement and defense of any claim or lawsuit.

7. Our Recovery Rights
If we pay under this policy, we are entitled to all the rights of recovery of the person to or for whom payment was made. That person must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us exercise those rights and do nothing after loss to harm our rights.

When we make a payment under this policy to or for a person who also collects from another, the amount collected from the other shall be repaid to us to the extent of our payment.

8. Policy Period
Each policy period will begin and end at 12:01 A.M., standard time at your address as shown in the Declarations. The premiums shown in the Declarations is for the first policy period. We will compute the premium for each policy period based on our manuals.

This policy may be continued for successive policy periods by the payment of the required premium on or before the effective date of each policy period. If the premium is not paid when due, this policy will terminate at the end of the last policy period for which the premium was paid.

9. Suit Against Us
We may not be sued unless all the terms of this policy are complied with. We may not be sued under the liability coverage until the obligation of a person we insure to pay is finally determined either by judgment against that person at the actual trial or by written agreement of that person, the claimant and us. We may not be sued under the Uninsured Motorist coverage on any claim that is barred by the tort statute of limitations. No person or organization has any right under this policy to bring us into any action to determine the liability of a person we insure.

10. Terms Of Policy Conform To Statute
Terms of this policy which are in conflict with the statutes of the state in which this policy is issued are changed to conform to those statutes.

11. Territory
This policy covers only auto accidents, occurrences, and losses which occur:
   a. within the United States of America, its territories or possessions, or Canada, or between their ports; and
   b. during the policy period.

12. Two Or More Cars Insured By Us
If two or more auto insurance policies issued to you by us or any other member company of the American Family Insurance Group of companies, apply to the same auto accident, the total limits of liability under all such polices shall not exceed the highest limit of liability under any one policy.

This policy is signed at Madison, Wisconsin, on our behalf by our President and Secretary. If it is required by law, it is countersigned on the Declarations by our authorized representative.

President    Secretary

**This is not a complete and valid contract without an accompanying DECLARATIONS PAGE.**

CCD15011430790M1515D

## AUTO RENTAL REIMBURSEMENT COVERAGE

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

**You** have this coverage if Auto Rental Reimbursement Coverage is shown in the Declarations.

The following Additional Coverage is added to CAR DAMAGES COVERAGES:

1. Auto Rental Reimbursement Coverage
   a. **We** will pay **your** expenses for the rental of a **car** from a **car** rental agency or garage because of **loss** to **your insured car**. This coverage only applies if:
      (1) **your insured car** is withdrawn from use for more than 24 hours; and
      (2) the **loss** is covered by Comprehensive or Collision.
   b. **We** will only pay those expenses:
      (1) **you** incur during the policy period; and
      (2) ending after a reasonable time required to repair or replace **your insured car**.
   c. **Our** payment is limited to the least of:
      (1) necessary and actual expenses.
      (2) the daily amount, subject to the maximum amount, as stated in the Declarations.
   d. If the **loss** results from the total theft of **your insured car**, **we** will pay only that amount of **your** expenses which is not already provided under the Transportation Expense Additional Coverage.

All other terms, agreements, conditions, and provisions remain unchanged.

CCD15011430790M1516D

# NEVADA CHANGES

This endorsement modifies insurance provided under the following:

FAMILY CAR POLICY

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

I. DEFINITIONS is changed as follows:

A. The following definition is added:

1. **American Family Insurance Group of companies** means one or more of the following:
   a. American Family Mutual Insurance Company;
   b. American Standard Insurance Company of Wisconsin;
   c. American Family Insurance Company;
   d. American Standard Insurance Company of Ohio;
   e. any affiliates.

B. The definition of **relative** is deleted and replaced with:
**Relative** means a person living in **your** household, related to **you** by blood, marriage, domestic partnership or adoption. It excludes a person who, or whose spouse or domestic partner, owns a vehicle other than an off-road motor vehicle.

C. The definition of **you** and **your** is deleted and replaced with:
**You** and **your** means the policyholder shown in the Declarations and, if living in the same household, a spouse or domestic partner in a domestic partnership that is valid under Nevada law.

II. LIABILITY COVERAGE is changed as follows:

A. INSURING AGREEMENT is replaced with:
**You** have this coverage if Bodily Injury Liability and Property Damage Liability coverage is shown in the Declarations.
**We** will pay compensatory damages an **insured person** is legally liable for because of **bodily injury** or **property damage** as a result of an auto accident:
a. due to the ownership, maintenance or use of a car or trailer; or
b. while operating a motor home **you** do not own and not used for business purposes.
**We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.
However, **we** will not defend any suit after our limit of liability has been exhausted by payment of judgments or settlements.

B. Paragraph D.10 EXCLUSIONS is deleted.

C. Paragraph E. 2. LIMITS OF LIABILITY is deleted and replaced with the following:

2. THE LIMITS OF LIABILITY ARE THE MOST WE WILL PAY REGARDLESS OF THE NUMBER OF:
   a. **INSURED PERSONS;**
   b. CLAIMS MADE;
   c. VEHICLES OR PREMIUMS SHOWN ON THE DECLARATIONS;
   d. VEHICLES INVOLVED IN THE LOSS; OR

   POLICIES ISSUED TO YOU OR A **RELATIVE** BY US OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES.**

   COVERAGES ON MORE THAN ONE VEHICLE INSURED WITH US OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES** CANNOT BE ADDED, COMBINED OR STACKED TOGETHER.

D. Paragraph F.2. ADDITIONAL CONDITIONS is deleted and replaced with the following:

2. Other Insurance.
   a. Other Policies Issued By Us
   If two or more auto liability insurance policies issued to **you** by **us** or any other member company of the **American Family Insurance Group of companies** apply to the same auto accident, the total limits of liability under all such policies shall not exceed the highest limit of liability under any one policy.
   b. Other Liability Coverage From Other Sources
   If there is other auto liability coverage for a loss covered by this Part, we will pay our share according to this policy's proportion of the total of all liability limits. But any insurance provided under this Part for a vehicle **you** do not own is excess over any other collectible auto liability insurance.

CCD150114307900M1517D

III. CAR DAMAGE COVERAGES is changed as follows:

A. The following is added to Paragraph C. ADDITIONAL COVERAGES:
3. Custom Vehicle Coverage
We will pay up to $1,000 for custom vehicle equipment in or on your insured car that was not furnished or supplied by the motor vehicle manufacturer. This amount is excess over any limit shown in the Declarations for Additional Customized Vehicle Coverage.

B. Paragraph D.5. EXCLUSIONS, is deleted and replaced with the following:
5. loss to the following equipment unless it is furnished or supplied by the motor vehicle manufacturer:
a. special or custom paint finishes;
b. any ornamental or protective accessories which may include shields, bras, engine accessories, racing slicks, oversized or special tires, special wheels, or special wheel covers;
c. any equipment which changes the use or appearance of the interior of your insured car, which may include swivel chairs, appliances, furniture, special carpeting, bars, or paneling; or
d. any equipment which mechanically or structurally changes your insured car, or results in an increase in performance or change in appearance

except as provided in C.3., ADDITIONAL COVERAGES above.
This exclusion does not apply to a cap, cover or bedliner in or on your insured car which is a pickup.

C. Paragraph D.6. EXCLUSIONS, is deleted and replaced with the following:
6. loss to a van for:
a. any furnishings, carpeting, and other household equipment built into the van;
b. any height-extending roof mounted on the van; or
c. any customized painting and decorating applied to the van

except as provided in C.3., ADDITIONAL COVERAGES above.

IV. GENERAL CONDITIONS is changed as follows:

A. Paragraph 1. Assignment, is deleted and replaced with the following:
1. Assignment
Interest in this policy may be assigned only with our written consent. But, if you die, the policy will cover:
a. the survivor;
b. the legal representative of the deceased person while acting within the scope of duties of a legal representative; and
c. any person with proper custody of your insured car until a legal representative is appointed.

B. Paragraph 9. Suit Against Us, is deleted and replaced with the following:
9. Suit Against Us
We may not be sued unless all the terms of this policy are complied with. We may not be sued under the liability coverage until the obligation of a person we insure to pay is finally determined either by judgment against that person at the actual trial or by written agreement of that person, the claimant and us. Under the Uninsured Motorist and Underinsured Motorist coverages, any suit against us will be barred unless commenced within six years after the date of denial. No person or organization has any right under this policy to bring us into any action to determine the liability of a person we insure.

C. Paragraph 12. Two Or More Cars Insured By Us, is deleted and replaced with the following:
12. TWO OR MORE CARS INSURED BY US
IF TWO OR MORE AUTO INSURANCE POLICIES ISSUED TO YOU BY US OR ANY OTHER MEMBER COMPANY OF THE AMERICAN FAMILY INSURANCE GROUP OF COMPANIES APPLY TO THE SAME AUTO ACCIDENT, THE TOTAL LIMITS OF LIABILITY UNDER ALL SUCH POLICIES SHALL NOT EXCEED THE HIGHEST LIMIT OF LIABILITY UNDER ANY ONE POLICY.

All other terms, agreements, conditions, and provisions remain unchanged.

CCD15011430790M1518D

# SPECIAL PROVISIONS FOR AMERICAN FAMILY MUTUAL INSURANCE COMPANY POLICYHOLDERS

1. MEMBERSHIP, VOTING AND PARTICIPATION
   While this policy is in force, you are a member of the American Family Mutual Insurance Company of Madison, Wisconsin, and are entitled to one vote either in person or by proxy at its meetings. If any dividends are distributed, you will share in them according to law and under conditions set by the Board of Directors.

2. ANNUAL MEETINGS
   The Annual Meetings are held at its Home Office in Madison, Wisconsin on the first Tuesday of March at 2:00 P.M., Central Standard Time. Printed notice in this policy shall be sufficient as to notification.

3. POLICY NON-ASSESSABLE
   This policy is non-assessable. You are not subject to any assessment beyond the premiums we require for each policy period.

All other terms, agreements, conditions, and provisions remain unchanged.

CCD150114307900M1519D

# CANCELLATION AND NONRENEWAL ENDORSEMENT – NEVADA

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

A. ADDITIONAL DEFINITIONS:
   1. **Your insured car** means **your insured cycle** if this endorsement is attached to a **cycle** policy issued by **us**.

B. The following is added to GENERAL CONDITIONS
   3. Cancellation and Nonrenewal
      a. Cancellation Of Policies In Effect For Less Than 70 Days
         (1) The named insured shown in the Declarations may cancel this policy by returning it to us or by advising us of the current or future date the cancellation is to be effective.
         (2) If this policy has been in effect for less than 70 days we may cancel for any reason unless prohibited by law by mailing notice of cancellation to the named insured shown in the Declarations at the address shown in the policy not less than 10 days prior to the effective date of the cancellation.
      b. Cancellation Of Policies In Effect For 70 Days Or More
         (1) If **your** policy has been in effect for 70 days or more or is a renewal or continuation policy, we will cancel only for:
            (a) non-payment of premium;
            (b) suspension or revocation of **your** driver's license or that of any other operator who either lives in **your** household or customarily operates **your insured car.** The driver's license must be under suspension or revocation during the policy period or the 180 days before the period began;
            (c) conviction of **you** or any member of **your** household of a crime arising out of acts increasing the hazard insured against;
            (d) fraud or material misrepresentation in obtaining the policy or in presenting a claim under the policy;
            (e) a material change in the nature or extent of the risk that substantially and materially increase the risk of loss beyond that contemplated at the time the policy was issued or last renewed; or
            (f) discovery of:
               (i) an act or omission; or
               (ii) a violation of any condition of the policy, which occurred after the first effective date of the current policy and substantially and materially increases the hazard insured against.
         (2) If the policy has been in effect for 70 days or more we may cancel by mailing notice of the cancellation to the named insured shown in the Declarations by certified mail at the address shown in the policy:
            (a) Not less than 10 days prior to the effective date of cancellation for non-payment of premium; or
            (b) Not less than 30 days prior to the effective date of cancellation for any other circumstances.
      c. Nonrenewal
         (1) This policy will automatically terminate at the end of the policy period if **you** or **your** representative do not accept **our** offer to renew it. **Your** failure to pay the required renewal premium when due means that **you** have declined **our** offer.
         (2) If **we** decide not to renew this policy, we will mail to the named insured shown in the Declarations at the address shown in the policy notice of nonrenewal by certified mail or United States post office certificate of mailing not less than days 30 before the end of the policy period.
      d. Other Cancellation and Nonrenewal Provisions
         (1) Proof of mailing any notice shall be sufficient proof of notice.
         (2) Coverage under this policy will terminate on the effective date and hour stated on the notice of cancellation or nonrenewal.
         (3) If this policy is cancelled, you may be entitled to a premium refund. Your return premium, if any, will be calculated on a pro rata basis and will be sent to the named insured shown in the Declarations as soon as possible. The making or offering to make a refund is not a condition of cancellation.

All other terms, agreements, conditions, and provisions remain unchanged

CCD15011430790M1520D

AUTOMOBILE ACCIDENTAL DEATH AND SPECIFIC DISMEMBERMENT BENEFITS COVERAGE

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

This coverage is provided if Accidental Death And Specific Dismemberment Benefits Coverage is shown in the Declarations.

A. ADDITIONAL DEFINITIONS

As used in this endorsement:

1. **Commercial vehicle** means a vehicle of the truck type including a tractor, van, sedan delivery, panel or pickup truck, except:
   a. farmers' trucks.
   b. artisans' trucks of 1 ton or less rated load capacity.
2. **Insured person** or **insured persons** means **you** or any **relative** while **occupying**, or when struck by, a land motor vehicle or **trailer**. But, **you** or a **relative** are not an **insured person** if **occupying** a land motor vehicle or **trailer** without the permission of the person having lawful possession.
3. **Loss** means:
   a. as to hands and feet, severance through or above wrist or ankle joints.
   b. as to eyes, permanent loss of all sight.
   c. as to thumb and index finger, loss of entire thumb and index finger meaning severance through or above metacarpophalangeal joints.

B. INSURING AGREEMENT

**We** agree with **you**, in return for **your** premium payment to provide the described benefits for each **insured person**. This coverage is subject to the exclusions, provisions, and terms of this endorsement and the policy and to the maximum benefits shown in the Declarations.

**We** will pay the largest of the following amounts for each **insured person** who sustains **bodily injury** caused by an auto accident. The **bodily injury** must be the direct result of the auto accident and not due to any other cause.

1. DEATH BENEFIT: **We** will pay maximum benefit shown in the Declarations, if the **insured person** dies within 90 days of the accident.
2. DISMEMBERMENT AND LOSS OF SIGHT BENEFITS: **We** will pay the amount shown in the following table if the **insured person** sustains one of these losses within 90 days of the accident.

| For Loss of: | If Maximum Benefit is: | | |
|---|---|---|---|
| | $5,000 | $10,000 | $20,000 |
| Both Hands or Both Feet or Sight of Both Eyes | 5,000 | 10,000 | 20,000 |
| One Hand and One Foot | 5,000 | 10,000 | 20,000 |
| Either Hand or Foot and Sight of One Eye | 5,000 | 10,000 | 20,000 |
| Either Hand or Foot | 2,500 | 5,000 | 10,000 |
| Sight of One Eye | 1,750 | 3,500 | 7,000 |
| Thumb and Index Finger of Either Hand | 1,250 | 2,500 | 5,000 |

C. EXCLUSIONS

**We** will not pay for:

1. ~~**bodily injury** or death sustained while **occupying**, or when struck by, a motor vehicle that is not insured~~ under this policy, if it is owned by **you** or any resident of **your** household.
2. **bodily injury** or death sustained in the course of any occupation by an **insured person** while engaged in duties involving the:
   a. operation, loading or unloading of a vehicle used to carry persons or property for a charge or a **commercial vehicle**.
   b. repair or servicing of vehicles.
3. loss caused or contributed to by disease, except pus forming infection sustained through a **bodily injury** to which this coverage applies.
4. any suicide or attempted suicide, whether sane or insane.

CCD1501143079OM1521D

5. **bodily injury** or death caused by war (declared or undeclared), civil war, insurrection, rebellion, revolution, nuclear reaction, radiation, or radioactive contamination, or any consequences of any of these.
6. **bodily injury** or death sustained while **occupying** or when struck by:
   a. a vehicle on rails or crawler treads.
   b. a farm type tractor or equipment designed for use off public roads, while so used.
   c. a vehicle or trailer while parked for camping or housekeeping purposes.
   d. a vehicle in any organized or agreed-upon racing or speed contest or demonstration.
7. **bodily injury** or death sustained while **your insured car** is rented or leased to others.
8. **bodily injury** or death sustained while **occupying** a motorized vehicle with less than four wheels.

D. CONDITIONS

1. **Policy Provisions.** None of the agreements, exclusions, or conditions of the policy shall apply to this endorsement except the conditions "If You Have an Auto Accident of Loss", "Definitions Used Throughout this policy", "Policy Period, Territory", "Changes", "Suit Against Us" and "Cancellation or Nonrenewal of this Policy".
2. **Payment of Death Benefit; Autopsy.** If the **insured person** dies and is survived by a spouse who was a resident of the same household at the time of the auto accident, the death benefit is payable to the spouse. Otherwise, the benefit is payable to the **insured persons'** estate.

   **We** have the right and opportunity to make an autopsy where allowed by law.
3. **Limits of Liability.** The limit of liability shown in the Declarations for Accidental Death And Specific Dismemberment Benefits Coverage is the most **we** will pay for each person injured in any one auto accident regardless of the number of:
   a. **insured persons**;
   b. claims made;
   c. vehicles or premiums shown in the Declarations; and
   d. vehicles involved in the **loss**.
4. **Other Insurance.** If two or more auto insurance policies providing Accidental Death And Specific Dismemberment Benefits Coverage are issued to **you** by **us** or any other member company of the American Family Insurance Group of companies, apply to the same auto accident, the total limits of liability under all such policies shall not exceed the highest limit of liability for Accidental Death And Specific Dismemberment Benefits Coverage under any one policy.

All other terms, agreements, conditions, and provisions remain unchanged.

CCD15011430790M1522D

# UNINSURED MOTORIST COVERAGE – NEVADA

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

**You** have this coverage if Uninsured Motorist Coverage is shown in the Declarations.

A. IF YOU HAVE AN AUTO ACCIDENT OR LOSS
The following is added:
1. Any person claiming Uninsured Motorist Coverage must promptly notify the police if a hit-and-run driver is involved.

B. ADDITIONAL DEFINITIONS
1. The following definitions are added:
   a. **Insured person** or **insured persons** means:
      (1) **you** or a **relative**.
      (2) anyone else **occupying your insured car**.
      (3) anyone entitled to recover damages due to **bodily injury** to **you**, a **relative**, or another occupant of **your insured car**.

      But the following are not **insured persons**:
      (1) any person, other than a **relative**, using **your insured car** without **your** permission.
      (2) any person, other than a **relative**, using **your insured car** with **your** permission but who exceeds the scope of that permission.
      (3) any person using a vehicle without the permission of the person having lawful possession.
      (4) any person using a vehicle with the permission of the person having lawful possession, but who exceeds the scope of that permission.
   b. **Motor vehicle** means a land **motor vehicle** or a **trailer**. But, it does not mean a vehicle:
      (1) operated on rails or crawler-treads except a snowmobile while on public roads.
      (2) which is a farm type tractor or equipment designed for use mainly off public roads, while so used.
      (3) parked for camping or housekeeping purposes.
   c. **Uninsured motor vehicle** means a **motor vehicle** which is:
      (1) not insured by a **bodily injury** liability bond or policy at the time of the accident.
      (2) insured at the time of the accident by a liability bond or policy with **bodily injury** liability limits below the minimum required by the financial responsibility law of the state in which **your insured car** is principally garaged.
      (3) a hit-and-run vehicle whose operator or owner is unknown and which causes **bodily injury** to an **insured person**. Physical contact with a hit-and-run vehicle is required.
      (4) insured by a **bodily injury** liability bond or policy at the time of the accident but the company:
         (a) denies coverage; or
         (b) is or becomes insolvent within two years of the date of the accident.

      **Uninsured motor vehicle**, however, does not mean a vehicle:
      (1) owned by or furnished or available for the regular use of **you** or any resident of **your** household.
      (2) owned or operated by a self-insurer as considered by any financial responsibility law, motor carrier law, or similar law.
      (3) owned or operated by a governmental unit or agency.
      (4) operated on rails or crawler treads.
      (5) designed mainly for use off public roads while not on public roads.
      (6) parked for camping or housekeeping purposes.
   d. **Your insured car** means **your insured cycle** if this endorsement is attached to a cycle policy issued by **us**.

C. INSURING AGREEMENT
1. **We** will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle**.
2. The **bodily injury** must:
   a. be sustained by an **insured person**;
   b. be caused by an accident; and
   c. arise out of the ownership, maintenance, or use of an **uninsured motor vehicle**.
3. If any suit is brought by **you** to determine liability or damages, the owner or operator of the **uninsured motor vehicle** must be made a defendant and **you** must notify **us** of the suit. **We** are not bound by any resulting judgment without **our** written consent.

D. EXCLUSIONS
1. **We** do not provide coverage for **bodily injury** sustained by any **insured person**:
   a. while **occupying**, or when struck by, a **motor vehicle** that is not insured for this coverage under this policy, if it is owned by **you** or any resident of **your** household.
   b. who makes or whose legal representative makes a settlement without **our** written consent.

CCD150114307090M1523D

c. while **occupying your insured car** when used to carry persons for a charge. This exclusion does not apply to shared-expense car pools or the charitable carrying of persons.
d. occurring in any organized or agreed-upon racing or speed contest or demonstration.

2. This coverage does not apply to punitive or exemplary damages, fines or penalties, or court ordered restitution as a result of civil actions.
3. This coverage shall not apply directly or indirectly to the benefit of any insurer or self-insurer under any workers' compensation or disability benefits, or any similar law, or any disability insurance or benefits.

E. LIMITS OF LIABILITY

1. THE LIMITS OF LIABILITY FOR THIS COVERAGE AS SHOWN IN THE DECLARATIONS APPLY, SUBJECT TO THE FOLLOWING:
   a. THE LIMIT FOR "EACH PERSON" IS THE MAXIMUM FOR **BODILY INJURY** SUSTAINED BY ONE **INSURED PERSON** IN ANY ONE ACCIDENT.
   b. SUBJECT TO THE LIMIT FOR "EACH PERSON", THE LIMIT FOR "EACH ACCIDENT" IS THE MAXIMUM FOR **BODILY INJURY** SUSTAINED BY TWO OR MORE **INSURED PERSONS** IN ANY ONE ACCIDENT.
2. THE LIMITS OF LIABILITY SHOWN IN THE DECLARATIONS FOR THIS COVERAGE ARE THE MOST THAT **WE** WILL PAY REGARDLESS OF THE NUMBER OF:
   a. **INSURED PERSONS;**
   b. CLAIMS MADE;
   c. VEHICLES OR PREMIUMS SHOWN IN THE DECLARATIONS;
   d. VEHICLES INVOLVED IN THE ACCIDENT; OR
   e. POLICIES ISSUED TO **YOU** OR A **RELATIVE** BY **US** OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES.**

   COVERAGES ON MORE THAN ONE VEHICLE INSURED WITH **US** OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES** CANNOT BE ADDED, COMBINED OR STACKED TOGETHER.
3. THE LIMITS OF LIABILITY OF THIS COVERAGE WILL BE REDUCED BY:
   a. A PAYMENT MADE BY THE OWNER OR OPERATOR OF THE **UNINSURED MOTOR VEHICLE** OR ORGANIZATION WHICH MAY BE LEGALLY LIABLE.
   b. A PAYMENT UNDER THE LIABILITY COVERAGE OF THIS POLICY.
   c. A PAYMENT MADE OR AMOUNT PAYABLE BECAUSE OF THE **BODILY INJURY** UNDER ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS LAW OR ANY SIMILAR LAW OR ANY PRIVATE DISABILITY INSURANCE OR BENEFITS.
4. NO **INSURED PERSON** WILL BE ENTITLED TO RECEIVE DUPLICATE PAYMENTS FOR THE SAME ELEMENTS OF LOSS. ANY AMOUNT **WE** PAY UNDER THIS COVERAGE TO OR FOR AN **INSURED PERSON** WILL BE REDUCED BY ANY PAYMENT MADE TO THAT PERSON UNDER ANY OTHER COVERAGE OF THIS POLICY.

F. OTHER INSURANCE

1. Other Insurance
   a. Other Policies Issued By **Us**
      IF TWO OR MORE POLICIES ARE ISSUED TO **YOU** OR A **RELATIVE** BY **US** OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES** APPLY TO THE SAME ACCIDENT, THE TOTAL LIMITS OF LIABILITY UNDER ALL SUCH POLICIES SHALL NOT EXCEED THE HIGHEST APPLICABLE LIMIT UNDER ANY ONE POLICY.
   b. Other Coverage From Other Sources
      If there is other similar insurance on a loss covered by this endorsement, **we** will pay **our** share according to this policy's proportion of the total limits of all similar insurance. But, any insurance provided by this endorsement for an **insured person** while **occupying** a vehicle **you** do not own is excess over any other similar insurance.

All other terms, agreements, conditions and agreements remain unchanged.

CCD1501143079OM1524D

## UNDERINSURED MOTORIST COVERAGE – NEVADA

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

**You** have this coverage if Underinsured Motorist Coverage is shown in the Declarations.

A. IF **YOU** HAVE AN AUTO ACCIDENT OR LOSS

The following is added:

1. Any person claiming Underinsured Motorist Coverage must promptly notify the police if a hit-and-run vehicle is involved.
2. A person seeking Underinsured Motorist Coverage must also promptly notify **us** of a tentative settlement between an **insured person** and the insurer of the **underinsured motor vehicle** and allow **us** a reasonable time to advance payment to that **insured person** in an amount equal to the tentative settlement to preserve **our** rights against the insurer, owner or operator of such **underinsured motor vehicle**.

B. ADDITIONAL DEFINITIONS

1. The following definitions are added:
   a. **Insured person** or **insured persons** means:
      (1) **you** or a **relative**.
      (2) anyone else **occupying your insured car**.
      (3) anyone entitled to recover damages due to **bodily injury** to **you**, a **relative**, or another occupant of **your insured car**.

      But the following are not **insured persons**:
      (1) any person, other than a **relative**, using **your insured car** without **your** permission.
      (2) any person, other than a **relative**, using **your insured car** with **your** permission but who exceeds the scope of that permission.
      (3) any person using a vehicle without the permission of the person having lawful possession.
      (4) any person using a vehicle with the permission of the person having lawful possession, but who exceeds the scope of that permission.
   b. **Motor vehicle** means a land motor vehicle or a trailer. But, it does not mean a vehicle:
      (1) Operated on rails or crawler-treads except a snowmobile while on public roads.
      (2) Which is a farm type tractor or equipment designed for use mainly off public roads, while so used.
      (3) Parked for camping or housekeeping purposes.
   c. **Underinsured motor vehicle** means a **motor vehicle**:
      (1) which is covered by a liability policy, bond, surety, or self-insurance, at the time of the accident which provides liability coverage less than sufficient to fully compensate for the damages the **insured person** is legally entitled to recover; or
      (2) whose operation is covered by the Nevada statute limiting the liability of a govermental unit or agency and the amount of damages an **insured person** is entitled to recover exceeds the limitation of liability imposed by Nevada law.

      **Underinsured motor vehicle**, however, does not mean a vehicle:
      (3) insured under the Liability Coverage of this policy.
      (4) insured at the time of the accident by a liability bond or policy with **bodily injury** liability limits below the minimum required by the financial responsibility law of the state in which **your insured car** is principally garaged.
      (5) owned by or furnished or available for the regular use of **you** or a resident of **your** household.
      (6) which is insured by a **bodily injury** liability bond or policy at the time of the accident, but the bonding or insuring company:
         (a) denies coverage; or
         (b) is or becomes insolvent within two years of the date of the accident.
   d. **Your insured car** means **your insured cycle** if this endorsement is attached to a cycle policy issued by **us**.

C. INSURING AGREEMENT

1. **We** will pay compensatory damages for **bodily injury** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**.
2. The **bodily injury** must:
   a. be sustained by an **insured person**;
   b. be caused by an accident; and
   c. arise out of the ownership, maintenance, or use of an **underinsured motor vehicle**.
3. If any suit is brought by **you** to determine liability or damages, the owner or operator of the **underinsured motor vehicle** must be made a defendant and **you** must notify **us** of the suit. **We** are not bound by any resulting judgment without **our** written consent.

CCD1501143079OM1525D

4. **We** will pay under this coverage only after the limits of liability under any **bodily injury** bonds or policies have been exhausted by payment of judgments or settlements.

D. EXCLUSIONS

1. **We** do not provide coverage for **bodily injury** sustained by any **insured person**:
   a. while **occupying**, or when struck by, a **motor vehicle** that is not insured for this coverage under this policy, if it is owned by **you** or any resident of **your** household.
   b. who makes or whose legal representative makes a settlement without **our** written consent.
   c. while **occupying your insured car** when used to carry persons or property for a charge. This exclusion does not apply to shared-expense car pools or the charitable carrying of persons.
   d. occurring in any organized or agreed-upon racing or speed contest or demonstration.
2. This coverage does not apply to punitive or exemplary damages, fines or penalties, or court ordered restitution as a result of civil actions.
3. This coverage shall not apply directly or indirectly to the benefit of any insurer or self-insurer under any workers' compensation or disability benefits, or any similar law, or any private disability insurance or benefits.

E. LIMITS OF LIABILITY

1. THE LIMITS OF LIABILITY FOR THIS COVERAGE AS SHOWN IN THE DECLARATIONS APPLY, SUBJECT TO THE FOLLOWING:
   a. THE LIMIT FOR "EACH PERSON" IS THE MAXIMUM FOR **BODILY INJURY** SUSTAINED BY ONE **INSURED PERSON** IN ANY ONE ACCIDENT.
   b. SUBJECT TO THE LIMIT FOR "EACH PERSON", THE LIMIT FOR "EACH ACCIDENT" IS THE MAXIMUM FOR **BODILY INJURY** SUSTAINED BY TWO OR MORE **INSURED PERSONS** IN ANY ONE ACCIDENT.
2. THE LIMITS OF LIABILITY SHOWN IN THE DECLARATIONS FOR THIS COVERAGE ARE THE MOST THAT **WE** WILL PAY REGARDLESS OF THE NUMBER OF:
   a. **INSURED PERSONS**;
   b. CLAIMS MADE;
   c. VEHICLES OR PREMIUMS SHOWN IN THE DECLARATIONS;
   d. VEHICLES INVOLVED IN THE ACCIDENT; OR
   e. POLICIES ISSUED TO **YOU** OR A RELATIVE BY **US** OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES**.

   COVERAGES ON MORE THAN ONE VEHICLE INSURED WITH **US** OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES** CANNOT BE ADDED, COMBINED OR STACKED TOGETHER.
3. **WE** WILL NOT PAY FOR ANY ELEMENT OF LOSS IF AN **INSURED PERSON** IS ENTITLED TO PAYMENT BECAUSE OF **BODILY INJURY** UNDER ANY WORKERS' COMPENSATION OR DISABILITY BENEFITS LAW OR ANY SIMILAR LAW, OR ANY PRIVATE DISABILITY INSURANCE OR BENEFITS.
4. NO **INSURED PERSON** WILL BE ENTITLED TO RECEIVE DUPLICATE PAYMENTS FOR THE SAME ELEMENTS OF LOSS FOR ANY PAYMENT MADE TO THAT **INSURED PERSON** UNDER ANY OTHER COVERAGE OF THIS POLICY.
5. **WE** WILL NOT MAKE A DUPLICATE PAYMENT UNDER THIS COVERAGE FOR ANY ELEMENT OF LOSS FOR WHICH PAYMENT HAS BEEN MADE BY OR ON BEHALF OF ANY PERSON OR ORGANIZATION LEGALLY LIABLE.
6. THE COVERAGE PROVIDED UNDER THIS ENDORSEMENT IS EXCESS OVER ANY COLLECTIBLE AUTO LIABILITY INSURANCE.

F. OTHER INSURANCE

1. Other Insurance
   a. Other Policies Issued By Us
      IF TWO OR MORE POLICIES ARE ISSUED TO **YOU** BY **US** OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES** APPLY TO THE SAME ACCIDENT, THE TOTAL LIMITS OF LIABILITY UNDER ALL SUCH POLICIES SHALL NOT EXCEED THE HIGHEST APPLICABLE LIMIT UNDER ANY ONE POLICY.
   b. Other Coverage From Other Sources
      If there is other similar insurance on a loss covered by this endorsement, **we** will pay **our** share according to this policy's proportion of the total limits of all similar insurance. But, any insurance provided under this endorsement for an **insured person** while **occupying** a vehicle **you** do not own is excess over any other similar insurance.

All other terms, agreements, conditions and agreements remain unchanged.

CCD150114307 90M1526D

# MEDICAL EXPENSE COVERAGE – NEVADA

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

**You** have this coverage if Medical Expense Coverage is shown in the Declarations.

A. ADDITIONAL DEFINITIONS

1. **Durable medical equipment** means medical equipment that is prescribed by a **licensed medical provider** and is:
   a. able to withstand repeated use;
   b. primarily and customarily used to serve a medical purpose;
   c. generally not necessary to a person in the absence of illness or injury; and
   d. appropriate for use in the home.
2. **Experimental** means any services, treatment, procedure, facility, equipment, drug, device or supply used to treat an **insured person** for **bodily injury** that:
   a. is not recognized under generally accepted standards of medical practice in the United States as an appropriate treatment;
   b. has not been proven by reliable scientific evidence or testing to be safe and effective for treatment; or
   c. requires approval by the appropriate federal or other government agency which has not been granted at the time it is used.
3. **Insured person** means:
   a. **you** or a **relative** while **occupying**, or when struck by, a highway vehicle or **trailer**. But **you** or a **relative** are not an **insured person** if **occupying** a highway vehicle or **trailer** without the permission of the person having lawful possession;
   b. any other person while **occupying your insured car**. This applies only if the **car** is being used by **you**, a **relative**, or another person who has reason to believe that they are operating the **car** with **your** permission; or
   c. any other person while **occupying** a **car** not owned by **you** if the **bodily injury** results while it is being used by **you** or a **relative**. This applies only if **you** or a **relative** have reason to believe that they are operating the **car** with permission.
4. **Licensed medical provider** means a person who has a license in good standing under the laws of the state in which the person practices, and who is performing within the scope of that license.
5. **Medical expenses** are expenses for:
   a. ambulance, hospital, surgical, use of x-ray and other diagnostic machines;
   b. dental, eyeglasses, hearing aids and prosthetic devices;
   c. **durable medical equipment**;
   d. other equipment and supplies and drugs prescribed and recommended by the **licensed medical provider** for the treatment of the **bodily injury**; and
   e. professional physician, nursing, physical therapy and funeral services.

   **Medical expenses** do not include expenses:
   a. for the treatment, procedures, products or services that are:
      (1) not designed to serve a primary medical purpose;
      (2) not commonly recognized as appropriate treatment within the United States and throughout its medical profession;
      (3) **experimental**; or
      (4) for research.
   b. incurred for the use of:
      (1) thermography or other related procedures of a similar type; or
      (2) acupuncture or other related procedures of a similar type.
   c. incurred for the purchase or rental of equipment not designed primarily to serve a medical purpose.
   d. for any of the following:
      (1) hot tubs, spas, waterbeds, or non-medical beds;
      (2) exercise equipment, heating or vibrating devices;
      (3) membership in health clubs;
      (4) corrective shoes and orthotics of the feet if not directly related to the accident;
      (5) medical reports unless requested by **us**; and
      (6) vitamins, minerals, herbal supplies or other similar products if not directly related to the accident.
6. **Medically necessary** means services or supplies provided by a hospital, physician or other health care provider that are required to identify or treat **bodily injury** and which are:
   a. appropriate for the symptom or diagnosis and treatment of the **bodily injury**;
   b. appropriate with regard to standards of acceptable medical practice;
   c. not solely for the convenience of the **insured person**, physician, hospital or other provider; and
   d. the most appropriate supply or level of service that can be safely provided.
7. **Usual and customary** means the fees most frequently charged by providers in the same geographical locality for a comparable service or supply.
8. **Your insured car** means **your insured cycle** if this endorsement is attached to a **cycle** policy issued by **us**.

CCD1501143079OM1527D

B. INSURING AGREEMENT

**We** will pay for **usual and customary medical expenses** and funeral services, less any deductible, because of **bodily injury** sustained to an **insured person** as a result of an accident. **Medical expenses** must be provided and prescribed by a **licensed medical provider** performing within their scope of practice.

**We** will pay only those expenses incurred for services rendered within three years from the date of the accident.

**We** reserve the right to determine, or to have someone on **our** behalf determine, whether any treatment is **medically necessary**, and whether any charge is **usual and customary. We** also reserve the right to use managed medical care approaches and treatment options where appropriate, and to determine if the proposed or incurred treatment plans are **medically necessary.**

C. EXCLUSIONS

We will not pay for **bodily injury** to any person:

1. while **occupying your insured car** when carrying persons for a charge. This exclusion does not apply to shared-expense car pools or the charitable carrying of persons.
2. while **occupying** any vehicle while located for use as a residence or premises.
3. while **occupying** a motorized vehicle with less than four wheels, or a motorized recreational all terrain vehicle regardless of the number of wheels, unless this endorsement is attached to a **cycle** policy issued by **us.**
4. WHILE **OCCUPYING** OR WHEN STRUCK BY ANY VEHICLE, OTHER THAN **YOUR INSURED CAR**, WHICH IS OWNED BY OR FURNISHED OR AVAILABLE FOR REGULAR USE BY **YOU** OR A **RELATIVE**.
5. while **occupying** a vehicle other than a **car** while it is being used in the business or occupation of an **insured person.**
6. during the course of employment if benefits are payable or must be provided under a workers' compensation or disability benefits law or any similar law.
7. caused by war (declared or undeclared), civil war, insurrection, rebellion or revolution, or by nuclear reaction, radiation, or radioactive contamination, or their consequences.
8. during any organized or agreed-upon racing or speed contest or demonstration in which **your insured car** has active participation, or in practice or preparation for any such contest.
9. while **your insured car** is rented or leased to others.

D. LIMITS OF LIABILITY

1. THE LIMIT OF LIABILITY SHOWN IN THE DECLARATIONS FOR MEDICAL EXPENSE COVERAGE IS THE MOST **WE** WILL PAY FOR EACH PERSON INJURED IN ANY ONE ACCIDENT REGARDLESS OF THE NUMBER OF:
   a. **INSURED PERSONS;**
   b. CLAIMS MADE;
   c. VEHICLES OR PREMIUMS SHOWN IN THE DECLARATIONS;
   d. VEHICLES INVOLVED IN THE ACCIDENT; OR
   e. POLICIES ISSUED TO **YOU** OR A **RELATIVE** BY **US** OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES.**

   COVERAGES ON MORE THAN ONE VEHICLE INSURED WITH **US** OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES** CANNOT BE ADDED, COMBINED OR STACKED TOGETHER.
2. If the limit of liability shown for Medical Expense Coverage is $2,500 or more, the most **we** will pay for funeral services is $2,500 each person.
3. Any amount **we** pay under this coverage to or for an injured person applies against any other coverage applicable to the loss so that there is not a duplication of payment. In no event shall a coverage limit be reduced below any amount required by law.

E. ADDITIONAL CONDITIONS

1. Other Insurance.
   a. Other Policies Issued By **Us**
      IF TWO OR MORE AUTO INSURANCE POLICIES PROVIDING MEDICAL EXPENSE COVERAGE ARE ISSUED TO **YOU** BY **US** OR ANY OTHER MEMBER COMPANY OF THE **AMERICAN FAMILY INSURANCE GROUP OF COMPANIES** APPLY TO THE SAME AUTO ACCIDENT, THE TOTAL LIMITS OF LIABILITY UNDER ALL SUCH POLICIES SHALL NOT EXCEED THE HIGHEST LIMIT OF LIABILITY FOR MEDICAL EXPENSE COVERAGE UNDER ANY ONE POLICY.
   b. Other Medical Expense Coverage From Other Sources
      If there is other auto insurance providing Medical Expense Coverage for the same accident covered by this endorsement, **we** will pay **our** share according to this policy's proportion of the total of all liability limits. But any insurance provided under this coverage for a vehicle **you** do not own is excess over any other collectible Medical Expense Coverage.

F. GENERAL CONDITIONS is changed as follows:

1. Paragraph 7. **Our** Recovery Rights, does not apply to Medical Expense Coverage.

All other terms, agreements, conditions, and provisions remain unchanged.

CCD15011430790M1528D

## EMERGENCY ROAD SERVICE COVERAGE

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by this endorsement.

You have this coverage if Emergency Road Service Coverage is shown in the Declarations.

We will pay reasonable costs **you** incur for **your insured car** away from any service station or garage for:

1. mechanical labor up to one hour at the place of its breakdown.
2. towing to the nearest place where the necessary repairs can be made if it will not run.
3. towing it out if it is stuck on or immediately next to a public road.
4. delivery of gas, oil, loaned battery, or change of tire. **We** do not pay for the cost of these items.
5. cost of labor for locksmith services if **your** keys are locked inside **your insured car**. **We** do not pay for the cost to replace locks or keys.

All other terms, agreements, conditions, and provisions remain unchanged.

3813
Nevada Division of Insurance
1818 E. College Pkwy., Suite 103
Carson City, NV 89706-7986

CERTIFIED MAIL

7015 1660 0000 1901 8045




AMERICAN FAMILY MUTUAL INSURANCE COMPANY
C/O CSC SERVICES OF NEVADA INC
2215 RENAISSANCE DRIVE SUITE B
LAS VEGAS NV 89119-6727